UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY MACKALL, #378696,

       Plaintiff,                              Case No.:  05-CV-71389-DT

                                             HON. NANCY G. EDMUNDS
vs.                                       MAG. JUDGE WALLACE CAPEL, JR.

PATRICIA L. CARUSO, et. al.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

Plaintiff, Perry MacKall, is a state inmate, who is currently incarcerated at the Deerfield Correctional Facility in Ionia, Michigan.  Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983 against thirty Defendants, alleging violations of his constitutional rights.  An Order of Partial Dismissal was entered on May 12, 2005, dismissing all but one of the Defendants.  Currently pending before the Court is "Defendant Best's Motion to Dismiss for Failure to Exhaust Administrative Remedies and Failure to State a Claim Upon Which Relief Can be Granted," filed July 21, 2005.

**II.  STANDARD OF REVIEW**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).  Dismissal pursuant

1

to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).

It must be mentioned that *pro se* complaints are to be construed liberally; however, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996). A complaint will not survive a Rule 12(b)(6) challenge unless it contains either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under a viable legal theory. Uttilla v. City of Memphis, 40 F.Supp.2d 968, 970 (W.D. Tenn. 1999)(quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Lastly, the court is prohibited from acting as an advocate for *pro se* litigants. Berridge v. Heiser, 993 F.Supp. 1136, 1141 (S.D. Ohio 1997)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Fed.R.Civ.P. 12(b)(6) states, "If on a motion [for judgment on the pleading] matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56......"

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984). However, the court is not permitted to judge the evidence or make findings of fact. 60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325. Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e). To create a genuine issue of material fact, the nonmoving party must produce evidence sufficient to require submission of the issue to a jury. Lucas v. Leaseway Multi Transp. Serv. Inc., 738 F.Supp. 214, 217 (E.D. Mich, 1990).

### III.   ANALYSIS

42 U.S.C. § 1997e(a) provides:

(a) Applicability of Administrative Remedies

No action shall be brought with respect to prison conditions under Section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under Section 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a Section 1983 action in federal court; Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. Id. at 1104. Before the district court adjudicates any claims set forth on the plaintiffs complaint, the court must determine that the plaintiff has complied with this requirement. Id. Section 1997e(a)

requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. Hartsfield v. Vider, 199 F.3d 305, 308 (6th Cir. 1999); Freeman, 196 F.3d at 643-44. The prisoner must "file a grievance against the person he ultimately seeks to sue." Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). Not only must the prisoner file a grievance with regard to each defendant, he "must administratively exhaust his claim as to each defendant associated with the claim." Burton v. Jones, 321 F.3d 569, 574 (6th Cir. 2003). In order for a Michigan prisoner to exhaust a claim against a particular defendant, he must have alleged mistreatment or misconduct on the part of the defendant at Step One of the Michigan Department of Corrections grievance process. Id. at 575. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his Section 1983 complaint, any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000), cert denied, 531 U.S. 1040, 121 S.Ct. 634 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome. The action must be dismissed under Section 1997e." Id. The Plaintiff has failed to comply with the requirements of Section 1997e(a) in this case.

Plaintiff has failed to attach documentation to his Complaint indicating the administrative disposition of any grievances that he may have filed. He has only attached a list of numbers which purport to be grievances. The documentation does not identify the nature of the claims, or identify the individuals responsible for the acts forming the basis of the grievance. Furthermore, the

documentation fails to establish that Plaintiff has completed each step of the grievance process as to the person named and the claims asserted.  Plaintiff therefore, has failed to meet his burden of establishing that he has exhausted his administrative remedies.

### IV.     CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Complaint be **DISMISSED** for failing to establish that he has exhausted his administrative remedies.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                              s/Wallace Capel, Jr.
                                              **WALLACE CAPEL, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

**Date:**   September 16, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Diane M. Smith, P. O. Box 30217, Lansing, Michigan 48909,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Perry MacKall, #378696, Deerfield Correctional Facility, 1755 Harwood Road, Ionia, Michigan 48846.

          s/James P. Peltier
          United States District Court
          Flint, Michigan 48502
          810-341-7850
          E-mail:   pete_peltier@mied.uscourts.gov